USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 2 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Elaine Whigham-Williams,

    Plaintiff,

—v—

American Broadcasting Company, Inc.,

    Defendant.

17-cv-6600 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On August 8, 2017, *pro se* Plaintiff Elaine Whigham-Williams filed a complaint against Defendant American Broadcasting Company, Inc. ("ABC")[1] alleging employment discrimination. Dkt. No. 2, Complaint ("Compl."). On November 17, 2017, Defendant filed a motion to dismiss the complaint for failure to state a claim. Dkt. No. 10. On December 14, 2017, Plaintiff filed an opposition to Defendant's motion. Dkt. No. 15. On January 10, 2018, Defendant filed a reply in support of its motion. Dkt. No. 20. And on February 6, 2018, Plaintiff filed a reply in further opposition to Defendant's motion. Dkt. Nos. 22-23. For the following reasons, Defendant's motion is granted.

**I.    Background**

On a Rule 12(b)(6) motion, a court must take the facts alleged in the complaint as true and draw all reasonable inferences in plaintiffs' favor. *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). Accordingly, the following statement of facts is drawn from the complaint.

---

[1] Defendant notes the caption is mislabeled, as Defendant is the company American Broadcasting *Companies*, Inc.

1

According to the complaint, Plaintiff is a "dark skinned African American black female." Compl. at ¶ 14. Plaintiff is the "biological illegitimate daughter of television media mogul Oprah Gail Winfrey." Compl. at ¶ 15. Plaintiff has "an Associate's Degree in Journalism and Communication from University of Phoenix and…is studying law and theology at Liberty University." Compl. at ¶ 16. Plaintiff is a "member of the Council of Undergraduate Research and a member of National Association of Professional Women." Compl. at ¶ 16.

Plaintiff alleges that Defendant failed to "hire Plaintiff…as an on air co-anchor for American Broadcasting Company's show Good Morning America." Compl. at ¶ 1. Plaintiff "sought employment through her talent agency The House Talent. The House Talent made several attempts over the course of one year to contact Defendant American Broadcasting Company Good Morning America." Compl. at ¶ 20. Plaintiff "never received a call or an acknowledgment of her inquiry regarding a co-anchor opening on Good Morning America." Compl. at ¶ 25. Plaintiff states that "opening [sic] on network television are not advertised however, they are reported by media outlets." Compl. at ¶ 22. Plaintiff states that "Robin Roberts a 56 year old light skinned African American Female is the only black female news anchor ever employed by Good Morning America." Compl. at ¶ 4. Plaintiff states that in "2016 ABC Television Good Morning America hired a black African American male Michael Strahan to its co-anchor lineup however; the network has made no additional efforts to hire women of color as Co-anchors." Compl. at ¶ 4. Plaintiff alleges that the show has "established hiring criteria's prevent dark skinned African American females from being considered for positions and jobs as co-anchors." Compl. at ¶ 21.

As a result, Plaintiff alleges "a loss of standing in her field of study, loss of standing in her community…loss of good reputation" and has been "deprived an opportunity to work in national

news." Compl. at ¶¶ 26-27. And Plaintiff alleges that she has been "damaged by missed opportunity and harm to her future earning capacity." Compl. at ¶ 28. Plaintiff brings a claim against Defendant for violating Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et. seq.* Compl. at ¶ 29.

Plaintiff filed her complaint on August 8, 2017. Dkt. No. 2. Defendant filed a motion to dismiss on November 17, 2017. Dkt. No. 10. On November 22, 2017, the Court issued an order giving Plaintiff until December 20, 2017, to amend her complaint. Dkt. No. 14. The Court explained that declining to amend her pleadings to respond to Defendant's motion to dismiss may constitute a waiver of Plaintiff's right to use the amendment process to cure any defects that had been made apparent by Defendant's brief. *Id.* (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC.*, 797 F.3d 160, 190 (2d Cir. 2015)). Plaintiff did not amend her complaint, and on December 14, 2017, filed an opposition to Defendant's motion. Dkt. No. 15. Plaintiff also filed an Affidavit in Fact in support of her opposition. Dkt. No. 16. On January 10, 2018, Defendant filed a reply. Dkt. No. 20. On February 6, 2018, Plaintiff filed a reply in further opposition to Defendant's motion. Dkt. Nos. 22-23.

## II. Standard

When a defendant moves to dismiss under Rule 12(b)(6), the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The complaint will survive the motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Although this standard does not require "detailed factual allegations," it "requires more than labels and conclusions." *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555 (2007).

If a plaintiff proceeds *pro se*, her complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This is particularly so when the pro se plaintiff alleges that her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). While the Court is "obligated to draw the most favorable inferences" from the complaint, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Therefore, even *pro se* plaintiffs asserting civil rights claims "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (quotation marks omitted). "Complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987).

In resolving a motion to dismiss, review is generally limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). To the extent Plaintiff lists additional qualifications in her opposition papers that were not included in the complaint, see Docket Number 16, the Court does not need to consider them for purposes of resolving the motion to dismiss. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). Even if the Court were to consider them, it would not change the outcome of the motion. *See infra* Section III.

III.  **Plaintiff's Claim**

4

In order to make out a prima facie case of racial discrimination in a hiring practice, Plaintiff must show: "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (summarizing the standard in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Therefore, for a failure to hire claim to withstand a motion to dismiss, "a plaintiff must allege [a] specific position[] to which she applied and was rejected." *Wang v. Phoenix Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 537 (S.D.N.Y. 2013). "To qualify as an application, a plaintiff's actions must be more than a general request for employment." *Id.*

Plaintiff does not sufficiently allege a specific position she applied for and was rejected from. Plaintiff does not allege anywhere in the complaint that there was an opening for a co-anchor position on Good Morning America. Plaintiff concedes that her talent agency contacted executives at ABC regarding "potential openings" for a co-host position on Good Morning America. Compl. at ¶ 23. Plaintiff acknowledges that Mr. Strahan was hired as a new co-anchor of Good Morning America in 2016, see Compl. at ¶ 4, and there are no additional factual allegations that suggest ABC was considering applications for an additional co-anchor position. She also alleges additional facts in her affidavit attached to her opposition papers. Dkt. No. 16. For example, Plaintiff alleges in a conclusory fashion that she was "denied employment." Dkt. No. 16 at ¶¶ 13-14. The Court need not consider the additional facts contained in the affidavit outside of the complaint. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). However, even if they were considered, they do no more to plausibly allege a specific position she applied for and was rejected from. *See Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d

5

Cir. 2015) ("We conclude that *Iqbal's* requirement applies to Title VII complaints of employment discrimination...).

Additionally, Plaintiff does not sufficiently allege that she was "qualified for [the] job." *Brown*, 163 F.3d at 709. Plaintiff alleges that she has an Associate's degree, is studying law and theology, and is a member of two professional organizations. Compl. at ¶ 16. However, she fails to explain how those credentials qualify her to be a co-anchor on Good Morning America. *See Riddle v. Citigroup*, 2014 WL 2767180, at *3 (S.D.N.Y. May 29, 2014) ("her complaint does not include any factual details about the qualifications associated with the jobs she applied for... [the] complaint thus fails to allege facts suggesting that she was not hired for these positions for any reason other than that she was unqualified."). She also alleges additional facts in her affidavit attached to her opposition papers, including that she is a public speaker, and has "prior broadcasting experience." Dkt. No. 16 at ¶¶ 8-9. As discussed above, the Court need not consider these. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). But, even if they were considered, they do no more to sufficiently allege what the qualifications for a co-anchor position are and whether Plaintiff has those qualifications.

Accordingly, because Plaintiff has not plausibly alleged that "she applied and was qualified for a job for which the employer was seeking applicants," her entire claim must be dismissed. *Brown*, 163 F.3d at 709 ("failure to apply and be rejected for a specific position is fatal to her...claims").

IV. **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. This resolves Docket Number 10. The Clerk of Court is respectfully directed to close the case and enter

6

judgment. Chambers will mail a copy of this order to the *pro se* Plaintiff and note its mailing on the public docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 22, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge